## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARINEX RESTITUYO, | : | NO. 4:24-CV-00724 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (CAMONI, M.J.) |
| FRANK BISIGNANO,[1] | : | |
| *Commissioner of Social Security*, | : | |
| Defendant. | : | |

## <u>MEMORANDUM OPINION</u>

This is an action brought under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying Plaintiff Marinex Restituyo's claim for disability and disability insurance income benefits under Title II of the Social Security Act. The Court has jurisdiction to review this matter pursuant to 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference). For the reasons stated herein, the Court will affirm the decision of the Commissioner.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I.     BACKGROUND

### A.     Procedural History

On February 8, 2016, Restituyo applied for disability and disability insurance benefits under Title II of the Social Security Act ("the Act"), alleging onset date of December 1, 2013, with a date last insured of December 31, 2018. Complaint, Doc. 1 ¶ 6. The Social Security Administration initially denied Restituyo's claims, Doc. 7-3 at 11, so she appealed the denial, exhausting the administrative appeals procedure before filing a prior civil action in this Court. *See* Doc. 1 ¶¶ 7–12; *Restituyo v. Saul*, No. 20-2266, Doc. 1. In that action, Magistrate Judge Carlson issued an order granting an unopposed motion to remand. *See* No. 20-2266, Doc. 20; *id.*, Pl.'s Br., Doc. 18.

Pursuant to Judge Carlson's remand order, the Appeals Council instructed the Administrative Law Judge ("ALJ") to further evaluate Restituyo's obesity, fibromyalgia, and maximum residual functional capacity. Doc. 7-10 at 43. Following that instruction, the ALJ held a hearing to re-evaluate Restituyo's claims. Doc. 7-9 at 45. On September 5, 2023, after the hearing, the ALJ issued a decision finding Restituyo not disabled. *Id.* at 34. The Appeals Council declined to assume

jurisdiction of Restituyo's appeal of the ALJ's decision. *Id.* at 2. The ALJ's decision, therefore, became final. 42 U.S.C. § 405(g). Pending before this Court is Restituyo's appeal of that decision. Doc. 1.

### B.    The Disability Determination Process

To receive disability benefits under the Social Security Act ("Act"), a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable . . . impairment which can . . . result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Under the Act, a claimant is disabled "only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." § 423(d)(2)(A). An impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." § 423(d)(3).

Social Security regulations provide a "five-step sequential evaluation process" to determine if a claimant is disabled. 20 C.F.R.

§§ 404.1520(a)(4), 416.920(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

At the first step, the claimant must establish that he has not engaged in substantial gainful activity since the onset of the alleged disability. *See* § 404.1520(a)(4)(i). At the second step, claimant must establish that he suffers from a "severe medically determinable . . . impairment that meets the duration requirement . . . ("impairment . . . must have lasted or must be expected to last for a continuous period of at least 12 months")." § 404.1520(a)(4)(ii). At the third step, the claimant must provide evidence that his impairment "meets or equals one of our listings in appendix 1." § 404.1520(a)(4)(iii). If the claimant demonstrates his impairments meet those listings, he is considered to be disabled. *See id.*; § 404.1520(d). If he cannot establish severity of impairment at the third step, the eligibility analysis proceeds to step four in which the ALJ determines whether the claimant's residual functional capacity ("RFC")

allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). To prevail on step four, claimant's "impairment(s) must prevent [him] from doing . . . past relevant work." § 404.1520(f). At the fifth step, the Commissioner bears the burden to demonstrate that the claimant's RFC and his "age, education, and work experience . . . [allows] adjustment to other work." § 404.1520(a)(4)(v). If the Commissioner cannot satisfy this burden, the claimant's claim is granted. *See* § 404.1520(g).

## C.    The ALJ's Decision

Here, the ALJ determined that Restituyo "was not under a disability, as defined in the Social Security Act, at any time from December 1, 2013, the alleged onset date, through December 31, 2018, the date last insured." Doc. 7-9 at 33.  The ALJ reached this conclusion after proceeding through the five-step sequential analysis required by the Social Security Act. § 404.1520(a)(4)(i)–(v); Doc. 7-9 at 21–34.

At step one, the ALJ determined that Restituyo "did not engage in substantial gainful activity . . . from her alleged onset date of December

1, 2013, through . . . December 31, 2018." Doc. 7-9 at 21.[2] At step two, the ALJ found Restituyo has the following severe impairments: (1) depression; (2) anxiety; and (3) fibromyalgia. *Id.* At step three, the ALJ determined that none of Restituyo's impairments, considered individually or in combination, met or equaled the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. *Id.* at 22.

Between steps three and four, the ALJ found that Restituyo has the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) except she can lift and/or carry 20 pounds occasionally and 10 pounds frequently; she can sit, stand, or walk for 6 hours each per 8-hour workday. She can occasionally climb ramps and stairs, and occasionally balance, stoop, kneel, crouch, and crawl; she cannot climb ladders, ropes, or scaffolds; she is limited to simple repetitive routine tasks, she can occasionally interact with the public and coworkers, she cannot work at production rate pace, she is limited to occasional interaction with supervisors, and she is limited to low stress jobs, which is defined as few workplace changes.

*Id.* at 24–25. At step four, the ALJ determined that Restituyo was unable to perform any past relevant work through the date last insured. *Id.* at

---

[2] The ALJ found ample evidence that Restituyo did, in fact, work after the alleged disability onset date, but, at least in part because her earnings were not reported, could not conclude that her work amounted to "substantial gainful activity." Doc. 7-9 at 21.

32. At the fifth and final step, the ALJ denied Restituyo's disability claims because, after considering her "age, education, work experience, and [RFC], there were jobs that existed in significant numbers in the national economy that the claimant could have performed." *Id.* at 32.

### D.   Issues on Appeal

Restituyo raises three issues on appeal:

(1)   Whether the [ALJ] erred and abused his discretion by failing to properly consider the limitations in Plaintiff's residual functional capacity from those impairments that the [ALJ] considered to be severe.

(2)   Whether the [ALJ] erred and abused his discretion in failing to consider the limitations from Plaintiff's obesity (despite being specifically to consider [*sic*] the impact of Plaintiff's obesity on remand) or insomnia.

(3)   Whether the [ALJ] erred and abused his discretion in failing to afford proper weight to opinions and limitations from the Consultative Exam Physician, Dr. Austin.

Pl.'s Br., Doc. 12 at 1–2. In essence, Restituyo argues that the ALJ failed: (1) to properly assess Miller's RFC; and (2) to properly assess medical opinions. *See id.* at 8, 17, 19. The case is fully briefed (Docs. 12, 14) and ready for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including

the entry of final judgment. Consent Form, Doc. 5. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II.   <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401

(1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Restituyo is disabled, but whether the Commissioner's finding that Restituyo is not

disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III.  **DISCUSSION**

Restituyo appeals the ALJ's RFC determination and evaluation of the medical opinions. Doc. 12 at 14–19. As to the RFC determination, Restituyo argues that her actual limitations "are not noted by the ALJ in

his decision, as the ALJ focuses on a few records showing only temporary improvement." *Id.* at 14. She also contends that the ALJ failed to consider limitations from obesity or insomnia. *Id.* at 17. As to the medical opinions, Restituyo argues that the ALJ failed to give proper weight to Dr. Austin, claimant's consultative examiner. *Id.* at 19. Because substantial evidence supports the ALJ's findings, the Court affirms the decision.

## A.    Substantial evidence supports the ALJ's RFC assessment.

### 1.    *Failure to include limitations from severe impairments*

Restituyo first argues that the ALJ failed to account for her limitations resulting from her severe impairments. *Id.* at 14. Specifically, Restituyo contends that the ALJ "includes no limitation concerning Claimant being off task, issues with co-workers and supervisors, or expected absenteeism, despite many records that confirm these impairments caused issues both prior to and after her alleged onset date." *Id.* at 13–14.

The Social Security regulations provide that an RFC "is the most you  can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1);

*Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999) (explaining that an RFC is "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."). "The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011). When a conflict in the evidence exists, the ALJ may choose whom to credit but "cannot reject evidence for no reason or for the wrong reason." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (quoting *Mason*, 994 F.2d at 1066). The ALJ must consider all the evidence and give some reason for discounting the evidence he rejects. *Id.* (citing *Stewart v. Sec'y of H.E.W.*, 714 F.2d 287, 290 (3d Cir.1983)). The ALJ's RFC determination is accorded the same deference required of the substantial evidence standard of review. *Burns v. Barnhart*, 312 F.3d 113, 129 (3d Cir. 2002).

Here, applying the deferential standard of review, the Court finds that substantial evidence supports the ALJ's conclusion that while Restituyo's impairments could cause her alleged symptoms, the "intensity, persistence and limiting effects of [those] symptoms are not entirely consistent with the medical evidence." Doc. 7-9 at 26.

First, the ALJ found that the limitations from the alleged symptoms are inconsistent with the medical records because her treatment records "clearly support she worked after her alleged onset date and she liked work." *Id.* at 27. Contrary to Restituyo's testimony, the ALJ found that the records described her nail technician job as full time after the date last insured and she worked three to twelve hours a day. *Id.* For instance, records from April 2015 note that Restituyo's work was intermittent, and she was busy at the salon, and that she ran her own business, working at home doing nails. *Id.* Treatment records from September 2014 through August 2015 supported the ALJ's finding that Restituyo continued working as a nail technician after her alleged onset date of disability. *Id.*

Second, as to Restituyo's limitations from fibromyalgia and mental health impairments, the ALJ relied on medical records dating from January 2013 through June 2018 which did not entirely support Restituyo's alleged symptoms. *Id.* at 27–28. For example, records from August and September 2015 noted Restituyo continuing to work full time as a nail technician, and, in January 2016, Restituyo rated her joint pain as only a 3/10. *Id.* at 27. During a June 2018 consultative examination,

she exhibited 5/5 motor strength in her hips and knees. *Id.* Her mental health related records revealed normal mental status findings, exhibiting a positive treatment response and good sleep with medication. *Id.* at 28.

The ALJ, thus, considered years' worth of treatment records during the relevant disability period which showed Restituyo's ability to continue full time work with stable findings in her physical and mental impairments, which undercut her alleged symptoms. The Court, therefore, finds that the ALJ did not reject evidence for no reason or for the wrong reason, and gave adequate reasons for discounting the evidence he rejected. *Plummer*, 186 F.3d at 429.

### 2.  *Failure to include limitations from non-severe impairments*

Restituyo next argues that the ALJ spent no time discussing her limitations from obesity and insomnia. *See* Doc. 12 at 17–18. Specifically, Restituyo contends that the "ALJ offers little to no explanation as to (1) how he considered these disorders in terms of limitations in Claimant's RFC, (2) how, if considered, these disorders impacted Claimant's RFC, or (3) why he would have failed to include limitations from these disorders despite the record." *Id.* at 18–19. Restituyo's arguments are unpersuasive

because the ALJ offered reasoned explanation at both step two and at the RFC determination stage. *See* Doc. 7-9 at 22, 29–30.

Under the Social Security regulations, obesity, "when established by objective medical evidence . . . from an acceptable medical source . . . is a [medically determinable impairment]." SSR 19-2p, 2019 WL 2161798, at *22924 (2019). The Court of Appeals for the Third Circuit has required an ALJ to explain the reasoning and provide discussion of a claimant's obesity when it is determined as an impairment. *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504–05 (3d Cir. 2009) ("ALJ, having recognized obesity as an impairment, should determine in the first instance whether, and to what extent, [claimant's] obesity, in combination with her [other impairments] impacted her workplace performance.").

Here, the ALJ considered Restituyo's obesity at both step two and the RFC determination. The ALJ first concluded that Restituyo's obesity is not severe, noting that there is no indication that obesity affects or causes any significant work-related limitations. Doc. 7-9 at 22. As the Third Circuit explained in *Diaz*, the ALJ's summary conclusion here which omitted any explanation or reasoning would warrant a remand,

had the ALJ stopped its obesity discussion at step two. *See* 577 F.3d at 505 (citing *Burnett*, 220 F.3d at 119–20). But the ALJ continued. And a step two error is harmless if an ALJ proceeds to properly discuss the impairment in question at the RFC stage. *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (noting that the step-two inquiry is a *de minimis* screening device to dispose of groundless claims); *Mercado v. Kijakazi*, 629 F. Supp. 3d 260, 282 (M.D. Pa. 2022) ("Even if an ALJ erroneously determines at step two that one impairment is not severe, the ALJ's ultimate decision may still be based on substantial evidence if the ALJ considered the effects of that impairments at steps three through five") (citation modified).

Proceeding to the RFC determination, the ALJ provided reasoned explanation. *See* Doc. 7-9 at 22 (considering obesity in crafting RFC by discussing how it contributes to Restituyo's postural limitations), 29. The ALJ considered the impact that obesity may have had on Restituyo's lower back and knees. *Id.* at 29. Evaluating x-rays of the knee from June 2020, less than two years after Restituyo's last insured date, the ALJ noted that the x-rays did not indicate any degenerative joint changes, and showed the knees as preserved. *Id.* In evaluating that x-ray report, the

ALJ concluded that had Restituyo undergone an x-ray prior to her last insured date, findings would also have been normal. *Id.* The Court, thus, finds that the ALJ explained and provided reasons for discounting Restituyo's obesity at the RFC stage. Restituyo also fails to point to any evidence demonstrating any particular functional limitations caused by her obesity beyond generalized assertions. Doc. 12 at 18 ("ALJ . . . offers no limitation regarding these impairments, certainly insufficient limitations regarding Claimant's ability to walk/sit/stand, lift, carry, bend, crouch . . . ."). Such a generalized assertion does not warrant remand. *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) ("[Claimant] has not specified how [obesity] would affect the five-step analysis undertaken by the ALJ, beyond an assertion that her weight makes it more difficult to stand, walk, and manipulate her hands and fingers.").[3]

---

[3] The Court has considered Restituyo's insomnia argument and concludes that it likewise fails for the same reasons as her obesity argument. *See* Doc. 12 at 18; *Rutherford*, 399 F.3d at 553.

**B.    Substantial evidence supports the ALJ's assessment of the medical opinions.**

Restituyo argues that the ALJ failed to give proper weight to parts of her consultative examiner, Dr. Austin's, opinion and gave too much weight to a state agency consultant, Dr. Gavazzi's, opinion. Doc. 12 at 19, 23.

### 1.    *Dr. Austin's medical opinion*

Restituyo contends that the ALJ's assessment of Dr. Austin's opinion is inconsistent because he assigned great weight to the claimant's mild limitations in understanding, remembering, and carrying out simple instructions, while giving only limited weight to her limitations in interacting appropriately with the public, supervisors, and co-workers. *Id.* at 22–23. The Court finds that the ALJ's evaluation of Dr. Austin's medical opinion is supported by substantial evidence.

The ALJ adequately explains the reason for assigning limited weight to Restituyo's ability to interact with others at work. *See* Doc. 7-9 at 31. First, the ALJ noted that Dr. Austin's assessment is inconsistent with his own internal records. *Id.* Dr. Austin's own statements revealed that Restituyo denied a history of problems interacting with coworkers or supervisors, even though she was depressed before stopping her work.

18

*Id.* The ALJ, thus, properly found that Dr. Austin's opinion is inconsistent with internal records. *See Swank v. O'Malley*, No. 23-1244, 2024 WL 4858586, at *10 (M.D. Pa. Nov. 21, 2024) (finding no error in an ALJ's analysis of the consistency factor where the ALJ noted that a claimant's treating source's opinion was internally inconsistent and was at odds with many treatment notes); *see also Solberg v. O'Malley*, No. 23-2639, 2024 WL 1943328, at *6 (E.D. Pa. Apr. 30, 2024) (finding an ALJ's consistency assessment, which determined a medical opinion unpersuasive because it was inconsistent with the source's own treatment notes, "well-reasoned and adequate"). Second, the ALJ explained how Dr. Austin's opinion compares to other records showing that Restituyo enjoyed her work with clients, indicating Restituyo having no trouble interacting with her clients. Doc. 7-9 at 31. Therefore, substantial evidence supports the ALJ's assessment, giving limited weight to parts of Dr. Austin's opinion that found limitations in Restituyo's ability to interact with others at the workplace. *See Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 639–40 (3d Cir. 2024) (finding an ALJ's articulation sufficient as to the opinions of

psychologists where the ALJ explained how the opinions "fit with other evidence").

### 2. *Dr. Gavazzi's medical opinion*

Restituyo also takes issue with Dr. Gavazzi's opinion because he rendered it: (1) seven years prior to the hearing in this matter; and (2) without assessing many of the medical records submitted in this matter. Doc. 12 at 23. Restituyo's first challenge lacks merit. Dr. Gavazzi provided his medical finding on May 9, 2016, three years after the alleged date of onset of Restituyo's disability and months after she filed her disability claim, and thus contemporaneously with the subject matter covered by his opinion. Doc. 7-3 at 9; Doc. 1 ¶ 6. Restituyo's second challenge also fails because she provides no citations and fails to specify or direct the Court to which medical records Dr. Gavazzi allegedly neglected to consider. Doc. 12 at 23–24. It is incumbent on Restituyo to "comb the record and point the Court to the facts that support [her] arguments." *United States v. Claxton*, 766 F.3d 280, 307 (3d Cir. 2014) (noting that judges should not be "hunting for truffles buried in the record") (citation modified).

Restituyo also generally argues that Dr. Gavazzi, a state agency consultant, "was not in as good a [*sic*] position to offer opinions concerning Claimant's limitations." *Id.* at 23. Not so. An ALJ may give significant weight to a state agency consultant's opinion. *Chandler*, 667 F.3d at 361–62 (holding that an ALJ did not err in giving significant weight to a state agent's opinion); *see Hernandez-Nieves v. Kijakazi*, No. 22-135, 2023 U.S. Dist. LEXIS 25179, at *24 (M.D. Pa. Feb. 14, 2023) ("Thus, as a legal matter the ALJ is entitled to rely upon the state agency expert opinions when making a disability determination."). The Court, therefore, finds the ALJ's assessments of the medical opinions are supported by substantial evidence.

## IV.  <u>CONCLUSION</u>

Accordingly, the Commissioner's decision is **AFFIRMED**.

An appropriate order follows.

Date: November 26, 2025              <u>s/*Sean A. Camoni*</u>
                                     Sean A. Camoni
                                     United States Magistrate Judge